IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AFTON MCKENZIE,

                Plaintiff,

v.

SENECA FOODS CORPORATION,

                Defendant.

OPINION & ORDER

16-cv-49-jdp

---

Defendant Seneca Foods Corporation has moved the court to reconsider its decision to deny its motion for summary judgment on plaintiff Afton McKenzie's Family and Medical Leave Act (FMLA) retaliation claim. Dkt. 31. Seneca contends that McKenzie's post-summary judgment testimony that she did not suffer "any specific negative consequence" for taking FMLA leave on two days shortly before her termination, Dkt. 37 (McKenzie Dep. 67:22-68:4), coupled with Seneca's human resource administrator's post-summary judgment statement that she was not aware that McKenzie was eligible for termination until shortly before the termination occurred, Dkt. 33, entitle Seneca to summary judgment on the retaliation claim.

Seneca's argument is of dubious merit. It cherry-picks McKenzie's "admission" from her deposition testimony, where she states that she believes Seneca treated her poorly because of her use of FMLA leave in general, including on the days leading up to her termination. And it ignores the other evidence of retaliation that the court discussed in its order denying summary judgment. *See* Dkt. 27, at 12. But more important, Seneca offers no compelling reason to reconsider the denial of summary judgment. Seneca could have deposed McKenzie and obtained its own employee's affidavit before moving for summary judgment. "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or

arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). So the court will deny Seneca's motion.

McKenzie asks, in her response brief, that the court award her attorney fees and costs incurred in responding to Seneca's motion for reconsideration. The court declines to assess fees and costs against Seneca at this stage of litigation, but McKenzie may renew her request in a formal motion when the court determines damages, attorney fees, and costs.

ORDER

IT IS ORDERED that defendant Seneca Foods Corporation's motion reconsideration, Dkt. 31, is DENIED.

Entered May 8, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge